■ In the Matter of ALEXANDER ADAMS et al., Appellants, v. MARY G. KRONE et al., Constituting the NEW YORK STATE CIVIL SERVICE COMMISSION, Respondents.— HERLIHY, J. This is an appeal in an article 78 proceeding from an order dismissing the petition. The facts are set forth in a comprehensive opinion by COOKE, J., at Special Term (see 43 Misc 2d 751). The petitioners, Unemployment Insurance Referees, contend that there should be a reallocation of their salary grade from 23 to 31 and on this appeal, by way of comparison, cite the annual compensation received by Workmen's Compensation Referees. Comparisons at times are helpful but not necessarily controlling. Here, it is shown without dispute that Workmen's Compensation Referees are in the exempt class of the civil service, subject to removal, and that their annual salary is fixed by the Workmen's Compensation Board and not by the Director of Classification and Compensation Division of the respondent commission. The petition sets forth in considerable detail the type of work performed by the petitioners and included therein is a recommendation by the Industrial Commissioner that pending further study, " some adjustment in the salary of the Unemployment Insurance Referees is required ". The Director of Classification and Compensation found, and was affirmed by the respondent board, that the equal wage provision was not applicable under the circumstances and that no different situation had been shown by the petitioners than in their prior applications some years earlier. While the petitioners have presented a strong argument to substantiate their contention, we cannot find the action of the commission to be arbitrary or capricious so as to permit judicial intervention. Order affirmed, without costs. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.

■ BRYAN BERTLANEY et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 38326.) — AULISI, J. Appeal from a judgment of the Court of Claims which awarded damages for assault, false arrest and imprisonment. There seems to us no serious or substantial dispute as to the commission of the torts alleged, which occurred as the result of a State trooper's completely unwarranted assumption that at the time of certain prior incidents involving claimant's companions, claimant had been a passenger in the car which the trooper later stopped and from which he then removed claimant. The proof of damage was not contradicted and the award was not excessive. We find nothing in the exhibits excluded by the trial court that would suggest a different decision of the case. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.